UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:23 CR 78 |
| | ) | |
| RONISHA BYRD | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Eamonn P. Sheehan, Assistant United States Attorney, and files the following sentencing memorandum:

I.  Sentencing Guidelines and Sentencing Law

The defendant pled guilty to count one of her two-count indictment, Making a False Statement in Connection with the Acquisition of a Firearm in violation of 18 U.S.C. § 922(a)(6). According to the final presentence report, the defendant's final offense level is 10 and her criminal history category is I, resulting in an advisory guideline range of 6 months to 12 months. The guideline range is within Zone B of the Sentencing Table and may be satisfied by a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in USSG §5C1.1(e), provided that at least one month

is satisfied by imprisonment. The government is seeking a final sentence of no more than 6 months of home detention.

The Court must take into account the factors set forth in 18 U.S.C. § 3553(a), including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the sentencing range established for the applicable category of offense committed by the applicable category of defendant; (4) the pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities; (6) the need to provide restitution to victims; and (7) the need for judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care.

Based upon the Section 3553 factors, the government's position is that a sentence of no more than 6 months home detention, the bottom of the applicable guidelines, is a fair and reasonable sentence under all circumstances.

II. Application of the § 3553(a) Factors

A. The Nature and Circumstances of the Offense

In July of 2020, Ronisha Byrd ordered a Glock 40 .45 caliber handgun (serial number 0906USMC) from an FFL in Ohio to be shipped to FFL Deb's

Gun Range in Hammond, Indiana. PSR¶ 7. On July 17, 2020, Byrd filled out an ATF Form 4473 at Deb's Gun Range to purchase the firearm. *Id*. Byrd listed 1412 East 138th Street, East Chicago, Indiana as her address on the form when she knew that she did not actually live at that residence at that time. *Id*. She also indicated on the form that she was the actual purchaser of the firearm. *Id*. The ATF was alerted to the transaction due to the use of a potentially stolen credit card to purchase the firearm. *Id*. Deb's Gun Range did not complete the sale and Byrd never received the firearm. *Id*. On August 4, 2020, ATF agents interviewed Byrd, at which time she admitted she did live at 1412 East 138th Street as listed on the ATF Form 4473. PSR¶ 10. She further admitted she was not the actual purchaser of the firearm and that she was buying the firearm for a friend in Chicago. *Id*.

    B. History and Characteristics of the Defendant

Byrd is the mother of four children and currently pregnant with her fifth child. PSR¶ 48, 50. Byrd is in good health and has no history of mental health or substance abuse issues. PSR¶ 52-55. She is gainfully employed. PSR¶ 63. To Byrd's credit, she has had minimal criminal history. PSR¶ 31-32. However, her lack of criminal history is what allowed her to attempt to purchase a firearm and commit the present offense, as only non-prohibited persons can legally purchase a firearm.

    C. <u>Deterrence, Just Punishment, Protection of the Public, and Seriousness of the Offense</u>

Byrd has pled guilty to a serious offense; she lied to attempt to purchase a firearm for someone else knowing she was not the actual purchaser, and likely would have been successful but for the use of a fraudulent credit card. Straw purchasing of firearms is a serious offense, as it makes it much more difficult for federally licensed firearms dealers to keep firearms out of the hands of prohibited persons. Additionally, straw purchasing makes it much more difficult for law enforcement to track a firearm's ownership history following a crime. A felony conviction and sentence serve as adequate deterrence to others similarly situated as the defendant from purchasing firearms on behalf of other persons. Deterrence and just punishment militate in favor of a sentence no higher than the bottom of the guidelines.

For these reasons, a total sentence of no more than 6 months of home detention is a fair and reasonable sentence under all circumstances.

Respectfully submitted,

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

BY:   /s/ *Eamonn P. Sheehan*
Eamonn P. Sheehan
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Tel:   (219) 937-5500
Fax:   (219) 852-2770
E-mail:  Eamonn.Sheehan@usdoj.gov